## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| Epson America, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| Stratton AV Corp. d/b/a Amazon Seller | ) | |
| "Hatchfields Co.", | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Epson America, Inc. ("Epson") by and through its undersigned counsel, complains of Defendant Stratton AV Corp. d/b/a Amazon Seller "Hatchfields Co."'s ("Stratton AV") misconduct and alleges as follows:

### NATURE OF THIS ACTION

1.      Epson seeks preliminary and permanent injunctive relief and monetary damages for Defendant's false advertising and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), as well as unfair and deceptive business practices under Florida law, arising from Defendant's false advertisement of Epson products through its Amazon Seller Account, "Hatchfields Co."

2.      In short, Stratton AV advertises and offers for sale various Epson products through its "Hatchfields Co." Amazon Seller Account that it does not actually have in its inventory, and could not actually obtain to sell to consumers.

307895403.3

3.      Specifically, many of the Epson products that Stratton AV advertises and offers for sale are restricted SKUs that are sold only to Epson's Authorized Resellers, which Stratton AV is not.

4.      Consumers who place an order for Epson products from Stratton AV expect the order to be fulfilled, and are confused and disappointed when (1) the order never arrives or is instead cancelled or (2) they receive a product that is different than what they ordered.

5.      Verified consumer reviews on the "Hatchfields Co." Amazon Seller Account confirm that consumers are actually deceived and disappointed by Stratton AV's deceptive misconduct.

6.      Further, because consumers are charged for the Epson Products ordered at the time of purchase, consumers have to pursue Stratton AV (and/or Amazon) in order to obtain a refund when it becomes clear that the product they ordered will not be fulfilled.

7.      Epson is also injured by Stratton AV's misconduct due to the significant lost sales it suffers as a direct and proximate result thereof.

8.      Stratton AV's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Epson.

9.      As a result of Stratton AV's actions, Epson is suffering a loss of the enormous goodwill that it has created in its brand and is losing profits from lost product sales, and hereby seeks preliminary and permanent injunctive relief and damages for Stratton AV's false advertising, unfair competition, and unfair and deceptive business practices.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

11.     This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367(a).

12.     This Court has personal jurisdiction over Defendant Stratton AV, which has its principal place of business within this District.  Stratton AV also sells products within the United States, the State of Florida, and this District; misrepresents the nature of products it sells to residents of the United States, the State of Florida, and this District; has caused injury to Epson in the United States, the State of Florida, and this District; practices the unlawful conduct complained of herein, in part, within the United States, the State of Florida, and this District; regularly conducts or solicits business within the United States, the State of Florida, and this District; and regularly and systematically directs electronic activity into the United States, the State of Florida, and this District with the manifest intent of engaging in business within the United States, the State of Florida, and this District, including the sale and/or offer for sale of Epson Products to Internet users within the United States, the State of Florida, and this District.

13.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because the sole Defendant, Stratton AV, resides in this District, and because some of Stratton AV's wrongful acts described herein occurred in this District.

## PARTIES

14.     Plaintiff Epson America, Inc. is a California corporation having its principal place of business in Los Alamitos, California.  It is a principal subsidiary of Seiko Epson Corporation,

3

307895403.3

a Japanese corporation headquartered in Suwa, Nagano.  Epson is a leading manufacturer in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories (the "Epson Products").  Epson has been a leading innovator in its field since it was founded in 1942.

15.     Defendant Stratton AV Corp. is a Florida corporation with its principal place of business located at 8811 NW 23rd Street, Doral, Florida.  Stratton AV advertises and sells various consumer electronics products through its Amazon.com Seller Account "Hatchfields Co.," including Epson Products.  Amazon has assigned account number A27U5ZM1ERPBP4 to the "Hatchfields Co." Amazon account.

<b><u>FACTS GIVING RISE TO THIS ACTION</u></b>

16.     This action seeks redress for Stratton AV's deliberate and unlawful false advertising, unfair competition, and unfair and deceptive practices regarding the Epson Products that it advertises and offers for sale via Amazon.com.

**A. <u>Epson Manufactures High-Quality Products and Achieves High Customer Satisfaction Ratings</u>**

17.     Epson is recognized throughout the world and the United States as a leading manufacturer of consumer and business electronics products.

18.     As a market leader, Epson continues to set standards for image quality, performance, and innovation with its ever-evolving product line.  Epson's commitment to delivering quality products is recognized by the industry through various product awards and industry recognition.

19.     Epson prides itself on achieving the highest customer satisfaction ratings, accomplished in large part by using the most precise testing equipment and procedures available to ensure accurate product descriptions and specifications.

307895403.3

20.     Epson's customer service and support is industry-leading.  For example, Epson offers its projectors with a two-year standard limited warranty, including Epson's Road Service, which provides a replacement projector with next day delivery and free shipping.

**B. Epson Has Invested Significantly in the Development of Its Authorized Reseller Program, Which Is Critical To Its Goodwill and Brand Equity.**

21.     In addition, Epson has and continues to designate significant resources to develop and maintain its products' national and international image.  Through advertising and other promotional efforts, Epson has ensured that its brand and intellectual property have become renowned in the industry and with the consuming public.

22.     Epson sells its products directly to customers through its network of Authorized Resellers.  All Epson Authorized Resellers are required to execute an Authorized Reseller Agreement whereby they agree to the manner in which they must promote and sell Epson Products in order to maintain and foster brand equity.

23.     Authorized Resellers are only permitted to sell Epson Products within specific territories and only to consumers, not other resellers.

24.     Stratton AV is not now, nor has it ever been, an Epson Authorized Reseller.  As such, Stratton AV cannot legally purchase any of the Epson Products that are restricted for sale only by Epson Authorized Resellers.

**C. Stratton AV's False Advertising of Epson Products**

25.     Stratton AV is a direct competitor of Epson in the consumer electronics product market.

26.     Stratton AV has advertised and offered for sale, and is currently advertising and offering for sale, Epson products through its Amazon Seller Account "Hatchfields Co."

307895403.3

27.     Many of the Epson Products advertised and offered for sale by Stratton AV through its Amazon Seller Account "Hatchfields Co." are restricted SKUs that can only be purchased and resold by Epson Authorized Resellers, which Stratton AV is not.

28.     Stratton AV does not actually have in its inventory, and cannot actually obtain, the restricted-SKU Epson Products that it advertises and offers for sale through its Amazon Seller Account "Hatchfields Co.".

29.     Epson has attempted several test buys of Epson Products advertised and offered for sale by Stratton AV, none of which were fulfilled.

30.     On or about May 6, 2019, Epson placed an order for an "Epson Home Cinema LS100 3LCD Ultra Short-throw Projector" from Stratton AV's "Hatchfields Co." Amazon Seller Account.  A shipping label was created two days after the order was placed, and Amazon sent an update that the product was "On the way, but it's running late."  But the product never arrived.

31.     On or about December 20, 2019, Epson placed an order for an "Epson Home Cinema 5050uUB 4K PRO-UHD 3-Chip Projector with HDR" from Stratton AV's "Hatchfields Co." Amazon Seller Account.  Epson did not even obtain a tracking number because the order never shipped.

32.     Verified consumer reviews of the "Hatchfields Co." Amazon Seller Account confirm that many consumers have also experienced unexpected cancellation of their orders of Epson Products:

> ★☆☆☆☆  "I have called three times to try to get a refund of over $2000, but to no avail. Amazon took our money right away and paid the seller for the item. The seller says the USPS lost the package but Amazon contacted USPS and they told Amazon the package wasn't lost but at their facilities. the seller was not cooperating and wanted us to stop our claim with Amazon for the refund befor they refund!!!!"
>
> Read less
>
> By Tom G. on July 29, 2020.

307895403.3



33.     Thus, it is clear that Stratton AV's business practice is to advertise and offer for sale Epson Products that it does not actually have in its inventory and cannot actually obtain to fulfill customer orders.

34.     Moreover, Stratton AV artificially inflates its credibility through the use of false positive reviews on the Amazon system.

35.     In May of 2020 Epson conducted an investigation of the "Hatchfields Co." Amazon Seller reviews and found the following:

- 75% of the reviews for "Hatchfields Co." are suspicious and appear to be fake.
  - 60 of the 93 reviews (65%) came from reviewer, *BossLady*.
  - 6 of the 93 reviews came from reviewer, *J. Price*
  - 4 of the 93 reviews came from reviewer, *vinabata*

- Removing the suspicious reviews leaves 23 reviews
  - **12 of the 23 reviews (52%) show that the item either never arrived or the wrong item was sent**

7

36.     Since May of 2020, even more fake reviews have surfaced on the "Hatchfields Co." Amazon Seller Account.[1]  Amazon has (wrongfully) taken responsibility for many of the negative reviews regarding products that were never received, as Amazon was responsible for fulfillment of many of them.  Were those negative reviews to be included, *the number of consumer reviews evidencing products ordered but never received would be even higher.*

37.     Since, May of 2020, the trend of fake reviews has continued as well.  For example, on November 4, 2020, Stratton AV received thirteen (13) separate five-star reviews from a reviewer named *kawaskikiller*.  Six days later, on November 10, Stratton AV received four (4) more five-star reviews from *kawaskikiller*.  Two days later, on November 12, Stratton AV received another five (5) five-star reviews from *kawaskikiller*.

38.     Thus, it is clear that Stratton AV not only advertises products that it does not have in an attempted bait-and-switch scheme, but it also engages in the practice of falsely inflating its positive reviews in order to increase the legitimacy of its online storefront.

## D.  Impact on Consumers and Epson

39.     Consumers expect that the Epson Products they order from Stratton AV will be fulfilled with the specific products they ordered.  Instead, a majority of consumers either (1) do not receive any product or (2) receive some product other than what they ordered from Stratton AV in a classic bait-and-switch scheme.

40.     Purchasers of Epson Products from Stratton AV are likely to be, and have actually been, misled and deceived by Stratton AV's literally false product listings and advertisements.

---

[1] Current verified consumer reviews are available on the "Hatchfields Co." Amazon storefront, accessible at:  https://www.amazon.com/sp?_encoding=UTF8&asin=B073KYKHV8 &isAmazonFulfilled=0&ref_=olp_merch_name_2&seller=A27U5ZM1ERPBP4.

41.     Consumers expect Stratton AV's advertisements for the Epson Products it offers for sale to be accurate, and base their purchasing decisions in large part on those representations. That is, consumers choose to purchase an Epson Product from Stratton AV because they expect that they will actually receive the product they ordered.

42.     Thus, consumers who purchase Epson Products from Stratton AV are misled and confused when they instead either (1) do not receive any product or (2) receive some product other than what they ordered from Stratton AV.

43.     Because consumers are charged for the Epson Products ordered at the time of purchase, consumers have to pursue Stratton AV (and/or Amazon) in order to obtain a refund when it becomes clear that the product they ordered will not be fulfilled.

44.     After having a poor experience attempting to purchase an Epson Product from Stratton AV, the consumer is less likely to attempt to purchase another Epson Product in the future from Epson or its Authorized Resellers.

45.     Consumers who attempt to purchase Epson Products from Stratton AV and either (1) do not receive any product or (2) receive some product other than what they ordered, blame Epson for the confusion as to the condition of the product.

46.     Stratton AV's literally false and misleading advertising is damaging to Epson's reputation and goodwill, and is damaging to the consuming public.

47.     By advertising that it has Epson Products in stock that it does not actually have and cannot actually obtain, Stratton AV is intentionally attempting to entice consumers to purchase Epson Products from Stratton AV instead of purchasing those same products from Epson.

307895403.3

48.     The natural, probable, and foreseeable result of Stratton AV's wrongful conduct has been to cause confusion, deception, and mistake in the market, to deprive Epson of business and to tarnish its goodwill, to injure Epson's relationship with existing and prospective customers, and to divert sales of Epson Products.

49.     Therefore, Stratton AV's continued false advertisement of Epson Products as well as its own online feedback score has harmed and continues to harm Epson, its consumers, and Epson's relationship with consumers.

50.     Epson has contacted Stratton AV more than twenty (20) times since June of 2018 regarding its improper advertisement and offering for sale of Epson Products.

51.     Therefore, Stratton AV is aware of the illegality of its misconduct and its ongoing misconduct is willful.

52.     Despite being warned by Epson, Stratton AV has continued to advertise and offer for sale Epson Products that it does not actually have, and cannot actually obtain.

53.     Stratton AV's false advertisement of Epson Products to consumers results in actual and irreparable harm to Epson and consumers.

54.     Stratton AV's actions substantially harm Epson and its consumers, who ultimately place orders with Stratton AV through its "Hatchfields Co." Amazon Seller Account, reasonably believing that they will receive the product ordered.

55.     As a result of Stratton AV's actions, Epson is suffering a loss of the enormous goodwill it has created in its brand.  Epson is also suffering ongoing actual damages in the form of lost sales.

56.     Stratton AV is likely to continue the acts complained of herein, and unless restrained and enjoined, will continue to do so, causing Epson and consumers irreparable harm.

307895403.3

## COUNT I
### False Advertising / Unfair Competition - 15 U.S.C. § 1125(a)

57.     Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

58.     Stratton AV has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain literally false or misleading statements of fact regarding the Epson Products sold by it. These advertisements contain actual misstatements and/or misleading statements, including that the Epson Products Stratton AV sells are in its inventory and/or can be procured to fulfill customer orders as well as its own online feedback.

59.     These literally false statements actually deceive, or have a tendency to deceive, a substantial segment of Epson's customers and potential customers.  This deception is material in that it is likely to influence the purchasing decisions of Epson's customers.

60.     Stratton AV's false and misleading advertising statements injure both consumers and Epson.

61.     Stratton AV's false and misleading advertising statements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

62.     Stratton AV, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to Epson for which there is no adequate remedy at law. As such, Epson is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with it, from engaging in further acts of false advertising, and ordering removal of all Stratton AV's false advertisements from the Internet, including but not limited to Amazon.com.

63.     As a direct result of Stratton AV's unfair and deceptive trade practices, customers seeking to purchase Epson Products did not purchase them from Epson (or its Authorized

11

Resellers) and instead unknowingly attempted to purchase them from Stratton AV. Therefore, the demand for Epson Products created by Epson was not fulfilled by the purchase of an Epson Product. This results in lost revenue and actual damages to Epson.

64.     Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from Stratton AV the damages sustained by Epson as a result of Stratton AV's acts in violation of Section 43 of the Lanham Act.

65.     Pursuant to 15 U.S.C. § 1117, Epson is also entitled to recover from Stratton AV the gains, profits, and advantages that it has obtained as a result of its unlawful acts. Epson is presently unable to ascertain the full amount of the gains, profits, and advantages Stratton AV has obtained by reason of its unlawful acts.

66.     Pursuant to 15 U.S.C. § 1117, Epson is further entitled to recover the costs of this action. Moreover, Epson is informed and believes that Stratton AV's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Epson to recover additional damages and reasonable attorneys' fees.

## COUNT II
### Violation of FDUTPA - Fla. Stat. §§ 501.201-.213

67.     Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

68.     Stratton AV's past and continued false advertising and intent to deceive and defraud the public into believing that it can fulfill their orders for the Epson Products it advertises and offers for sale, when in fact it cannot, as well as its efforts to inflate its online positive feedback ratings constitute unfair and deceptive acts or practices in the conduct of trade or commerce in violation of FDUTPA.

307895403.3

69.     Stratton AV's advertisement of the Epson Products it sells is likely to (and actually does) deceive consumers into thinking that they will receive the products ordered.

70.     Stratton AV's false advertisement and sale of Epson Products that it does not actually have and cannot possibly obtain has proximately caused Epson to suffer actual damages in lost sales, and has also proximately caused Epson to suffer harm to its goodwill and reputation, because consumers who place orders for Epson Products from Stratton AV believing that they will receive them are disappointed with *Epson* when their expectations are not met.

71.     As a direct result of Stratton AV's unfair and deceptive trade practices, customers seeking Epson Products did not purchase them from Epson (or its Authorized Resellers) and instead unknowingly placed orders for the same from Stratton AV.  Therefore, the demand for Epson Products created by Epson was not fulfilled by the purchase of a Epson Product.  This results in lost revenue and actual damages to Epson.

72.     As a direct result of Stratton AV's unfair and deceptive trade practices, Epson has been injured and damaged, and is entitled to injunctive relief, actual damages, costs, and attorneys' fees.

## COUNT III
### Preliminary and Permanent Injunction

73.     Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

74.     Stratton AV's actions set forth above have caused and threaten to cause Epson irreparable harm for which there is no adequate remedy at law.

75.     Epson has no adequate remedy at law because monetary damages are incapable of protecting Epson from Stratton AV's continuing and future false advertising, unfair competition, and other violations of law.

13

307895403.3

76.     Unless enjoined by this Court, Epson will be irreparably harmed by Stratton AV's actions.

77.     Epson has a substantial likelihood of success on the merits of its claims.

78.     The balance of equities favors Epson, which will continue to experience lost sales and significant harm to its goodwill due to Stratton AV's actions in the absence of injunctive relief.  The potential harm to Stratton AV in the event this injunction is granted is nonexistent as it would merely be prevented from profiting from its current and future false advertising, unfair competition, and other violations of law.

79.     The public interest is served in issuing injunctive relief because enjoining Stratton AV from falsely advertising and offering for sale Epson Products that it does not actually have and cannot actually obtain will protect consumers and ensure that they are not deceived into paying for a product that they have no possibility to receive.

**WHEREFORE**, Plaintiff Epson America, Inc., prays for judgment in its favor and against Defendant Stratton AV Corp. providing the following relief:

1.     For temporary, preliminary, and permanent injunctive relief prohibiting Stratton AV, its distributors, retailers, agents, or anyone working for, in concert with, or on behalf of Stratton AV, from :

    a.  engaging in any false or misleading advertising with respect to Epson's products, which relief includes but is not limited to removal of all of Stratton AV's listings for Epson Products from the Internet, including but not limited to on Amazon.com;

    b.  Advertising, selling, or taking any steps to sell, any Epson Products;

    c.  Engaging in any activity constituting unfair competition with Epson; and

14

d.  Inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

2.  For an order requiring Stratton AV to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of the Epson Products sold by it, including without limitation, the placement of corrective advertisement and providing written notice to the public to cure any residual impacts from Stratton AV's false advertising;

3.  For an order requiring Stratton AV to delete any positive reviews that were not obtained legitimately;

4.  Adjudge Stratton AV to have violated 15 U.S.C. § 1125(a) and Fla. Stats. §§ 5101.201-.213 (FDUTPA) by unfairly competing against Epson by using false, deceptive, or misleading statements of fact that misrepresent the nature, quality, and characteristics of the Epson Products advertised and offered for sale by it;

5.  Award Epson its damages suffered as a result of Stratton AV's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

6.  Award Epson its reasonable attorneys' fees in bringing this action as allowed by law pursuant to 15 U.S.C. § 1117 and Fla. Stats. §§ 5101.201-.213;

7.  Award Epson pre-judgment and post-judgment interest in the maximum amount allowed under the law;

8.  Award Epson the costs incurred in bringing this action; and

9.  Grant Epson such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Epson hereby requests a trial by jury on all causes of action so triable.

307895403.3

Miami, Florida
Dated:  December 22, 2020

*/s/ Jonathan B. Morton*

**Jonathan B. Morton**
jonathan.morton@klgates.com
K&L GATES LLP
200 S Biscayne Blvd
Miami, FL 33131
Telephone: 305.539.3300
Facsimile: 305.358.7095

**Morgan T. Nickerson**
E-Mail:  morgan.nickerson@klgates.com
Emily E. Gianetta
E-Mail:  emily.gianetta@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone:  617.261.3100
Facsimile:  617.261.3175

*To Be Admitted Pro Hac Vice*

ATTORNEYS FOR PLAINTIFF, EPSON
AMERICA, INC.

16